CAMPBELL, Chief Judge.
Appellant challenges the trial court order that denied her motion to dismiss a possession charge on double jeopardy grounds. She was charged with possession and sale of cocaine. She argues that she falls under the Carawan v. State, 515 So.2d 161 (Fla. 1987) rule in effect before the legislative amendment. The Carawan rule states that one cannot be charged with both possession and sale arising out of the same incident.
The state maintains that appellant cannot raise this issue on appeal because she pled guilty to possession and pled nolo conten-dere to sale and, under section 924.06, Florida Statutes (1987), there is no direct appellate review of a guilty plea. Further, the right to appeal from a nolo plea must be expressly reserved.
After a careful review of the record on appeal, we have found that the transcript of the hearing concerning the plea appears to conflict with the judgment entered.
Specifically, the information charged appellant with possession in Count I and with sale in Count II. Appellant initially pled not guilty, but then withdrew her not guilty pleas and pled guilty to the sale count (Count II) and no contest to the possession count (Count I). At the hearing on appellant’s oral motion to dismiss the possession count on double jeopardy grounds, the court noted that the sentence would be on the sale count anyway because the trial court typically sentenced concurrent probation on possession. It appears that the court then withheld adjudication on the sale count and sentenced appellant to three years probation. It also appears that the court sentenced appellant to three years probation on the possession count, concurrent with the sale sentence.
The judge then asked if the state objected to “the no contest plea, reserve the right to appeal the sentence on Count two of possession?” The information listed Count II as the sale count. It would appear that the judge mistakenly referred to Count II as the possession count, when it intended to say that appellant would plead nolo to Count I, the possession count, and reserve the right to appeal that count. No objection was made. The January 28,1989 judgment recites that appellant pled guilty to Count I, possession, and pled nolo to Count II, sale. This appears to be contrary to what actually occurred at the hearing.
In its March 20, 1989 order, the courL again recited that appellant pled guilty to1 possession, Count I, and pled nolo to sale, Count II. Since it is unclear whether appellant pled guilty or nolo contendere to possession, this court cannot determine the matter on appeal.
We, accordingly, remand with instructions that the judgment be made to conform to the oral plea at the January 23, 1989 hearing. Appellant may refile her appeal after the corrections are made if she still feels she is entitled to relief which this court may supply on appeal.
RYDER and PARKER, JJ., concur.